Sara Jean Hopkins Pope **MILLER**

v.

**Louise Carroll MASSEY.**

**No. 12–91–00218–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 18, 1993.

Rehearing Denied Oct. 29, 1993.

James C. Boone, Jr., Palestine, for appellant.

A.D. Henderson, Palestine, for appellee.

RAMEY, Chief Justice.

This appeal arises from the trial court's exclusion of a party's essential evidence because of discovery abuse. The Appellant, Sara Jean Hopkins Pope Miller ("Miller") brought this trespass to try title action against the Appellee, Louise Carroll Massey ("Massey") to determine the ownership of 2.84 acres of land in Anderson County. Because of a failure to timely answer interrogatories, Miller was not allowed to offer any testimony other than her own, and her inability to provide the requisite expert testimony led the trial court to grant Massey's motion for judgment. The court granted Massey's motion for sanctions and struck Miller's pleadings. Miller raises five points of error

in this appeal. We will reverse the judgment and remand the case to the trial court.

Miller filed this action on July 18, 1990. Massey answered and served a set of interrogatories on Miller on August 15, 1990, requesting, among other facts, the identity of all persons with knowledge of Miller's possession of the subject property and all experts expected to be called at trial. In early 1991 the parties were informed of a trial setting on May 23, 1991.

On May 16, a week prior to the trial setting, Miller served answers to Massey's interrogatories, naming a number of fact and expert witnesses. The answers were not verified. The next day, May 17, Massey filed a Motion for Sanctions under Rule 215, seeking to strike Miller's pleadings and prevent her witnesses from testifying.

On May 22, the day before the trial setting, the court heard argument on a motion by Miller for a continuance, primarily based on the fact that A.J. Brown, a witness identified in the interrogatory answers, was hospitalized with a heart attack. Massey then pointed out to the court that Miller's attorney's verification of interrogatories was improper, and that, since no valid interrogatory answers had been filed or served, Miller was not entitled to call *any* witnesses under Rule 215; thus, Massey urged that Brown's unavailability was irrelevant. The trial court denied the motion to continue the case.

Miller, the same day, served an Amended Answer to Defendant's First Set of Interrogatories, this time duly sworn. There were no changes in the answers nor the list of witnesses that had been previously submitted.

The next day, May 23, the case was called for trial. After hearing argument on Massey's motion for sanctions the court announced it would take the motion under advisement and allow the trial to proceed. However, when Miller first called a surveyor, Massey objected because of Miller's failure to timely designate him as a witness, and the objection was sustained. Miller's attorney then called Miller herself to the stand, and attempted to introduce proof of the disputed property's legal description. But Massey's objections to the witness' competence and

Miller's inevitable reliance upon hearsay—the surveyor's notes—were sustained; the court granted Massey's motion for judgment after Miller rested. The court thereafter entered an order granting Massey's motion for sanctions and striking all her pleadings. A take nothing judgment was entered on June 18, 1991, awarding the disputed property to Massey.

Miller raises five points of error, alleging the trial court erred in:

1) striking her pleadings,
2) prohibiting her witnesses from testifying,
3) granting the motion for sanctions in the absence of proper notice,
4) granting judgment to Massey in the absence of any evidence put on by Massey, and
5) failing to grant her motion for continuance.

The policy of our rules of civil procedure has long been to facilitate the discovery of relevant facts and opinions prior to trial. Strict discovery sanctions developed during the 1980's. The implementation of these sanctions has sometimes given rise to a conflict between the need for compliance with the discovery rules by strictly enforcing rules and the necessity that the severity of the sanctions not be disproportionate to the conduct of the attorney or party incurring it. The Supreme Court has on numerous earlier occasions emphasized that the sanctions under Rule 215(5), TEX.R.CIV.P. are not discretionary with the trial court. *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 914 (Tex.1992).

Recently, however, there has evolved a discernible trend by the Supreme Court away from the imposition of overly severe sanctions,[1] especially the so-called "death-penalty". *See* William W. Kilgarlin, *Sanction for Discovery Abuse: Is the Cure Worse than the Disease?*, 54 TEX.BAR J. 659 (1991). A number of opinions liberalizing the strict sanctions have followed, including several published after the subject case had been decided in the trial court. In the most-cited Supreme Court opinion, the court adamantly insisted that discovery sanctions under Rule 215 must comport with justice as well as constitutional due process. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913, 917–918 (Tex.1991).

■ In the present case the trial court, seemingly reluctantly, imposed the severest penalty possible for Miller's discovery abuse. The exclusion of essential evidence as well as striking Miller's pleading are equivalent to the imposition of the "death-penalty". This extreme result occurs when imposition of a sanction serves to adjudicate the merits of a claim: Our standard for review is whether the trial court abused its discretion in ordering its sanctions in this case. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex.1992); *Walker v. Packer*, 827 S.W.2d 833, 839–840 (Tex.1992).

■ The Supreme Court now requires that the order on the sanctions be "just" as specified in Rule 215 2(b) of the Texas Rules of Civil Procedure. Whether the trial court has abused its discretion is to be determined by the "justness" of its order. *TransAmerican Natural Gas*, 811 S.W.2d at 917; *see* W. Wendell Hall, *Revisiting Standards of Appellate Review in Civil Appeals*, 24 ST. MARY'S L.J. 1041, 1085 (1993).

*TransAmerican* announced a two-pronged test to weigh the "justness" of the court's sanction order: first, there must be a direct relationship between the offending conduct, and second, the sanction imposed, and the sanction must not be excessive. *TransAmerican Natural Gas*, 811 S.W.2d at 917; *Remington Arms Co., Inc. v. Caldwell*, 850 S.W.2d 167 (Tex.1993). The sanctions imposed here failed to satisfy the tests.

■ First, the "direct relationship" between the conduct and the sanction imposed by the court is not established in this record. The trial court is required to attempt to ascertain "... whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *TransAmerican Natural Gas*, 811 S.W.2d at 917; *Remington Arms*

---

**1.** Effective September 1, 1990, Rule 215(3), TEX. R.CIV.P., was amended to add the word "appropriate" to describe the available trial court discovery sanctions.

*Co., Inc.*, 850 S.W.2d at 172, fn. 9. Here, the consequence of the death penalty sanctions were imposed directly and only upon a party, Miller; there was no reprimand, monetary or other sanction ruling against her counsel. The trial court did not attempt to identify the discovery abuse offender although typically the counsel is charged with timely assembling the interrogatory response data, preparing the answers and filing the response in a manner that accords with the rules. *TransAmerican* teaches that counsel cannot shield the client completely from sanctions when she should be aware of her counsel's violation of the discovery rules. *TransAmerican Natural Gas*, 811 S.W.2d at 917. But the party should not be punished for her counsel's conduct in which she is not implicated. "The point is, the sanctions the trial court imposes must relate directly to the abuse found." *Id.; Remington Arms Co., Inc.*, 850 S.W.2d at 171. Here, the trial court made no inquiry into or determination as to who was at fault, and we are unable to ascertain the "justness" of its ruling.

▮▮▮ The second standard, that the imposed sanction not be excessive, is likewise not satisfied by the trial court's ruling. In making its determination as to the excessiveness of the sanctions, the appellate court may consider the history of the litigation. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Here, it appears that there was no pattern of abuse; this one set of interrogatories was the only discovery and the only offending conduct. The record hardly evidences the harassing and acrimonious discovery gamesmanship that typically underlies the granting of severe sanctions. But more to the point, it is now required that lesser sanctions first be imposed "to determine whether they are adequate to secure compliance, deterrence, and punishment of the offender." *Chrysler Corp.*, 841 S.W.2d at 849. In this case, lesser sanctions were never imposed; the only sanction order was entered at the conclusion of the trial. Finally, discovery misconduct does not justify a "trial by sanctions". Constitutional due process precludes death-penalty sanctions unless the party refuses to produce material evidence,

*after the imposition of lesser penalties*, which then gives rise to the presumption that the asserted claim has no merit. *TransAmerican Natural Gas*, 811 S.W.2d at 918; *Remington Arms Co. Inc.*, 850 S.W.2d at 171. Although the untimeliness in serving the answers to the interrogatories covered a significant period of time, there are several possible explanations for this delay; the trial court did not undertake to determine the cause of this delay as it was required to do by *TransAmerican*, 811 S.W.2d at 917. There simply is no showing in this record, apart from the court's exclusion of her evidence, that Miller's cause of action was meritless. "Justice should not tolerate abuse, but injustice cannot remedy it." *Braden v. Downey*, 811 S.W.2d 922, 930 (Tex.1991).

We sustain Miller's points of error one and two that the trial court abused its discretion in imposing death-penalty sanctions in this case at the time and under the circumstances that the court made its ruling.

There is a broad spectrum of sanctions now available to the trial court under Rule 215 to impose upon Miller, her counsel or both, for dilatory conduct, if any. Upon remand, reimbursement of the attorneys fees and expenses incurred by Massey attributable to the inordinate delay in responding to the interrogatories would appear to be better calculated to reach an appropriate and just result than would death penalty sanctions. *Chrysler Corp.*, 841 S.W.2d at 850.

The judgment of the trial court is reversed, and this action is remanded to the trial court for proceedings consistent with this opinion.