REVCO, D.S., INC. and Revco Discount Drug Centers, Inc., d/b/a Revco Discount Drug Center and Herbert Taylor, Relators,

v.

Honorable Herb COOPER, Judge, County Court at Law No. Five, Respondent.

No. 08–94–00028–CV.

Court of Appeals of Texas, El Paso.

March 23, 1994.

Rehearing Overruled April 20, 1994.

---

James L. Gallagher, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., El Paso, for relators.

Evelina Ortega, Caballero, Panetta & Ortega, El Paso, for respondent.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

LARSEN, Justice.

In this original proceeding, defendants/relators Revco, Inc. and its employee Herbert Taylor seek to vacate an order in which Judge Herb Cooper of El Paso County Court at Law Number Five refused to reconsider an earlier order prohibiting Revco from designating experts and presenting expert testimony at trial. We conditionally grant the writ.

### FACTS

This is a wrongful death and survival action stemming from the negligent mislabelling of prescription drugs by a Revco pharmacist, Herbert Taylor. Elvira Mata had two prescriptions filled at Revco in December 1988; Mr. Taylor placed the labels on the wrong containers, leading Ms. Mata to overdose on one of the medications, Theochron. She was hospitalized for treatment of her toxic reaction to the drug. She filed suit for personal injuries after her discharge. She died two years later, and her son, as administrator of her estate, filed amended pleadings alleging that her death was proximately caused by the overdose.

Revco[1] does not contest liability for the mislabelling of Ms. Mata's prescription. It does seek, however, to introduce evidence that Ms. Mata's overdose was successfully treated and did not have long-term effects nor lead to her death. Revco urges us that this evidence can only be introduced through an expert, as the effects of the drug are not within common knowledge; thus, expert testimony is crucial to Revco's defense.

This case has a complicated discovery history (or more accurately, history of lack of discovery in the face of repeated requests and orders) which is essential to an understanding of the issues. Plaintiff first served interrogatories upon Revco, including requests that defendant identify expert witnesses and set out their opinions, on May 10, 1991. Over a year went by before any re-

---

1. We will refer to Revco and its employee, Taylor, collectively as Revco as their positions in this litigation are identical.

sponses were formulated; counsel's transmittal letter accompanying Revco's answers dated October 29, 1992, stated "I am awaiting receipt of the Verification page and will provide that to you as soon as possible." On November 12, 1992, plaintiff amended the petition and served a request for production which among other things asked for all expert reports. In a transmittal letter, plaintiff's counsel noted that defendant had objected to three of the first set of interrogatories, but as the time for objection had long past, objections were waived. Plaintiff's counsel also noted she had still not received the verification pages promised in October. Plaintiff's counsel sent another letter in December 1992, noting that discovery responses to the November interrogatories and production requests were overdue, and asking that defendants respond without necessitating court intervention. Apparently, defendants made no response.

Plaintiff filed motions to compel discovery. On February 10, 1993, the trial court entered its order finding that all objections to discovery had been waived and ordering Revco to file complete and verified answers to interrogatories and produce all requested documents by February 24, 1993. Revco responded after a fashion, simply stating (on the subject at issue here) that it had not yet retained expert witnesses.

On February 25, 1993, the trial court set a pretrial hearing for October 22, 1993, and a trial date for November 9, 1993. On May 25, 1993, plaintiff filed another motion to compel, again asking for designation of experts and production of their reports. The motion made this argument:

> This is a pharmaceutical negligence case involving complicated technical issues, and trial is scheduled for November 9, 1993. It is imperative that Plaintiff be apprised of the opinions, if such exist, which will be rendered against him. If Defendants do not disclose their experts and produce reports within a reasonable time, Plaintiff may be deprived of adequate time to prepare for depositions and to complete dis-

covery. Plaintiff therefore requests that the Court enter an order compelling the disclosure of Defendants' experts and production of expert reports within a reasonable time before trial.

> Additionally, Plaintiff prays that if Defendants fail to comply with the Court's order, that said Defendants be excluded from introducing such expert testimony at trial. . . .

Clearly, plaintiff was seeking to avoid an eleventh hour designation of experts, with an ensuing mad scramble to complete discovery in time for the November trial date. Accordingly, on June 9, 1993, the court ordered defendant to designate their experts and produce expert reports before July 31, 1993. Defendant designated no one, nor did it request an extension of the deadline. Finally, Revco attempted to name an expert on October 8, 1993, a bare thirty days before the trial setting which had been in place since February. Defendant's expert still had not generated a report on that date, so that portion of discovery remained wholly unsatisfied. Revco filed its motion for leave to designate experts, and plaintiffs filed a responsive motion to exclude expert testimony. The trial court held a hearing on both motions on October 15, 1993,[2] entering the following order:

> The Court finds that Plaintiffs served discovery requests upon Defendants on May 10, 1991, requesting, among other things, that Defendants identify any expert witnesses which they expected to call to testify at trial and to identify any opinions held by said experts; and that on November 12, 1992, Plaintiffs served additional discovery requests upon said Defendants requesting production of expert reports.

> The Court further finds that, throughout the pendency of this cause, Defendants have failed to make complete and timely responses to Plaintiffs' said discovery requests; that Plaintiffs filed a total of three motions to compel said discovery responses; that the Court entered its Order on June 9, 1993, ordering Defendants to des-

---

**2.** The content of this hearing is not before us in this proceeding; we will therefore assume that all evidence necessary to support the trial court's order was presented there. Ample support, indeed, lies within the pleadings before us, as this narrative shows.

ignate their experts and produce expert reports on or before July 31, 1993, and that Defendants wholly failed to comply with the court-ordered deadline and did not designate any experts until October 8, 1993, thirty days prior to the trial date, still failing to produce the report of said expert.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Defendants' Motion for Leave to Identify Expert Witnesses be, and it is hereby, denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Testimony be, and it is hereby granted, as follows: that the testimony of any opinion by Defendants' designated expert, Wayne R. Snodgrass, be excluded and that Wayne R. Snodgrass be stricken as an expert witness in the trial of this case, for Defendants' failure to designate said expert witness by July 31, 1993, and produce an expert report.

IT IS SO ORDERED.

On October 21, 1993, defendant filed its motion to continue the November setting, stating:

Defendants do not deny liability in this case. The only issues that will be submitted to the jury relate to the damages sought by the Plaintiffs. Defendants request this continuance in order to be allowed to present evidence to the jury regarding the possible effects of theophylline toxicity to Ms. Elvira Mata. At this time, discovery is not complete and Defendants would request a continuance in order to finalize discovery and fully prepare this case for trial.

On November 2, 1993, before Judge Cooper could rule on this motion, defense counsel filed a motion to withdraw and for continuance, stating that defendant no longer wanted him to represent it. The court granted him leave to withdraw, and continued the case. Former counsel has filed his affidavit stating that the failure to designate experts or furnish reports was attributable to counsel only, and not the fault of any defendant. Counsel also stated that he knew of no fact that would lead him to believe any defendant knew of the deadlines or violation of discovery rules or orders of the court. Revco itself remains silent on this issue. New counsel appeared for Revco shortly after the continuance was granted.

The trial court reset trial for March 1, 1994. On January 7, 1994, Revco's new lawyer sent a letter to plaintiff's counsel designating two new medical experts in addition to the one defendant had attempted to designate in October. The trial court refused to reconsider its exclusion of defendant's experts, however, and after it entered an order on February 8, 1994 reflecting this, defendant filed this petition for writ of mandamus, asking that we order the trial court to allow designation of experts. We granted leave to file.

### NO ADEQUATE REMEDY

As in any mandamus case, our first inquiry is whether relator has an adequate remedy by appeal. In *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992), the Supreme Court reaffirmed the principle that mandamus lies only to correct situations where there is no adequate remedy by appeal, while conceding the increased use of mandamus to correct errors in the discovery process. *Walker*, 827 S.W.2d at 841–42. Where a trial court's discovery error vitiates or severely limits a party's ability to present their otherwise viable claim or defense, appeal is not an adequate remedy. *Id.* at 843. Here, Revco argues that precluding expert testimony effectively prevents it from presenting its only defense. We agree that excluding expert testimony in this case goes to the heart of Revco's case, and consequently we conclude that appeal is an inadequate remedy in this situation. We will therefore consider the substantive issues presented.

### ISSUES BEFORE US

This mandamus presents us with two related questions: (1) did the trial court's exclusion of experts based on failure to comply with discovery deadlines survive continuance of the November 1993 trial setting; and (2) if the exclusion of experts was a sanction for continuing discovery abuse, and not merely an automatic exclusion under Tex.R.Civ.P. 215(5), was it a just sanction under the crite-

ria of *Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991). We find that this was not a simple Rule 215 exclusion, but that it did not meet the *Transamerican* requirements. Although we deeply sympathize[3] with the plaintiff's and trial court's frustration in this case, we nevertheless conditionally grant the writ.

## EXCLUSION SOLELY FOR FAILING TO MEET DISCOVERY DEADLINES

■ Revco argues first that the trial court's exclusion of expert testimony was an automatic exclusion under TEX.R.CIV.P. 215(5), and as such did not survive continuance of the November 1993 trial date. In asserting this, Revco relies upon *H.B. Zachry Co. v. Gonzalez*, 847 S.W.2d 246 (Tex. 1993) (orig. proceeding), *Aetna Casualty & Surety Co. v. Specia*, 849 S.W.2d 805 (Tex. 1993) (orig. proceeding), and *State Department of Highways & Public Transportation v. Ross*, 718 S.W.2d 5 (Tex.App.—Tyler 1986, orig. proceeding). We do not agree with this characterization.

Although Revco frames this mandamus as a challenge to Judge Cooper's February order refusing to reconsider late designation of experts, its substantive complaint is really against Judge Cooper's October 22, 1993 order excluding experts. The October order was not based upon failure to meet a lone discovery deadline; it outlined a continuing pattern of failure to make complete and timely responses, noted that plaintiff was forced to file three motions to compel, that Revco (without explanation) failed to comply with a court-ordered deadline for designating experts, that it did not designate any expert until thirty days before the trial setting, and that as of the date of the order it still had not produced the expert's opinions. Thus, the trial court imposed sanctions for a continuing course of discovery abuse not just the automatic exclusion for failing to meet its discovery deadline. *Zachry* and its related cases, in contrast, concern orders solely under the automatic exclusion of TEX.R.CIV.P. 215(5). *Zachry* specifically provides:

> For the exclusion to remain beyond such a reset, the trial court's ruling enforcing the

exclusion must be based upon some other sanctionable conduct of the party. *Zachry*, 847 S.W.2d at 246.

We find that "other sanctionable conduct" was the subject of the trial court's October 1993 order. The exclusion did survive continuance and resetting of this case. We therefore examine whether the order meets the Supreme Court's criteria for a just sanctions order for a party's failure to meet the obligations of discovery.

## DEATH PENALTY SANCTION?

■ In arguing that mandamus should not issue here, Plaintiff asserts that exclusion of experts is not a death penalty sanction like striking pleadings or entering default judgment, and therefore the *Transamerican* considerations do not apply. Revco, on the other hand, argues that exclusion of essential evidence is an "ultimate penalty" which should be analyzed in the same manner as other drastic death penalty sanctions. Revco cites a number of recent cases supporting its view. *Smart v. Winslow*, 868 S.W.2d 409, 415 (Tex.App.—Amarillo 1993, n.w.h.); *Johnson v. Berg*, 848 S.W.2d 345, 348 (Tex.App.— Amarillo 1993, n.w.h.); *Miller v. Massey*, 862 S.W.2d 679, 681 (Tex.App.—Tyler 1993, n.w.h.); *United States Fidelity and Guaranty Co. v. Rossa*, 830 S.W.2d 668, 672 (Tex. App.—Waco 1992, writ denied). We think this question requires a case-by-case analysis. In some situations, exclusion of experts may well be only an inconvenience, impairing presentation of a party's case but not precluding trial on the merits. Many cases, indeed, do not require expert testimony at all. Others, however, (medical negligence cases for example) require expert testimony and cannot be tried without it. In those cases, exclusion of experts may well have a death penalty effect.

Here, Revco has admitted that its pharmacist negligently mislabelled Ms. Mata's medications, causing her to take an overdose on Theochron. The only contested issue is what damages proximately resulted from defendant's negligent act. Revco argues, convincingly, that without expert testimony its abili-

---

**3.** Just as the walrus sympathized with the oys- ters.

ty to present any kind of defense is gone. We agree. Although we do not believe that exclusion of expert testimony inevitably requires a "death penalty" analysis, we believe it is the correct approach here.

## STANDARD FOR ASSESSING DISCOVERY SANCTIONS

A trial court may impose sanctions on any party abusing the discovery process. *Transamerican*, 811 S.W.2d at 917; *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986). Abusing the discovery process certainly includes an unexplained pattern of failing to timely answer interrogatories, produce relevant documents, and name experts in the face of court-imposed deadlines, as occurred here. The legitimate purposes of discovery sanctions are to secure compliance with discovery rules, to deter other litigants from similar misconduct, and to punish violators. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (orig. proceeding); *Bodnow*, 721 S.W.2d at 840. Although the choice of sanctions is left to the sound discretion of the trial court, the applicable rules require that any sanctions imposed must be just. *Id.*; Tex.R.Civ.P. 215(2)(b). We use two criteria in deciding whether imposition of sanctions is just: (1) is there a direct relationship between the offensive conduct and the sanction imposed; and (2) does the punishment fit the crime, or is the sanction excessive for the conduct? *Transamerican*, 811 S.W.2d at 917. Under the first standard, the trial court should not punish an innocent party; thus it should make some attempt to determine whether fault for discovery abuse lies with the party, its counsel, or both. *Id.* On the other hand, a lawyer cannot wholly shield a party from sanctions; the party must bear some responsibility for counsel's discovery abuses when it is or should be aware of counsel's conduct. *Id.* In assessing the second standard, the sanction should be no more severe than necessary to satisfy its legitimate purposes. The court must consider less stringent sanctions and whether such lesser sanctions will fully promote compliance, deterrence, and discourage further abuse. *Chrysler*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 917.

The Supreme Court has cautioned that although punishment, deterrence, and encouraging compliance with discovery continue to be valid reasons for imposing sanctions, they cannot justify a trial by sanctions. *Chrysler*, 841 S.W.2d at 849. The Supreme Court also notes the constitutional limitations upon dismissing an action without affording the chance for a hearing on the merits:

> Discovery sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless a party's hindrance of the discovery process justifies a presumption that its claims or defenses lack merit. *Transamerican*, 811 S.W.2d at 918.

Only if a party refuses to produce material evidence in the face of lesser sanctions may the court presume that an asserted claim or defense lacks merit and dispose of it. *Id.*

Finally, sanctions so severe they prevent a trial on the merits are warranted only where the record reflects a party's flagrant bad faith or counsel's callous disregard for the discovery rules. *Chrysler*, 841 S.W.2d at 849; *Transamerican*, 811 S.W.2d at 918. Bearing these requirements in mind, we turn to the specific facts of this case.

## DOES THIS ORDER MEET THE SANCTIONS CRITERIA?

Having decided that this is not merely a Rule 215(5) exclusion order that does not survive continuance of the case, and having concluded that Revco will be deprived of a meaningful trial on the merits if its expert testimony is excluded, we must next decide whether the punishment imposed here meets the *Transamerican* and *Chrysler* standards for just sanctions.

### 1. Direct relation between conduct and sanction.

The uncontroverted evidence before us is that all violations of discovery rules and failures to meet court-ordered deadlines were the fault of Revco's counsel, not Revco itself. Revco, understandably unhappy about this state of affairs, asked prior counsel to with-

draw and has retained new lawyers. Although we are apprehensive that this type of *mea culpa* by counsel in order to circumvent a tight discovery schedule may be subject to abuse, we have no reason to believe the parties in this case are deliberately manipulating the system. We believe that this case presents a situation in which the party is being punished for the dereliction of its lawyer.

Plaintiff has, without doubt, been prejudiced by the expenditure of time and attorneys' fees in pursuing discovery to which they were unquestionably entitled. This case has been on file since 1990, and Revco is not an unsophisticated litigant. Some responsibility for discovery abuse must fall upon its shoulders. Nevertheless what it should have known, and done, is a fact question outside this court's domain. On the record before us, we believe the first criteria of *Transamerican* is not met.

### 2. Severity of sanction.

In June 1993, the trial court ordered Revco to name its experts and produce their opinions by July 31, almost two months later. It warned Revco in that order that failure to meet the deadline would result in exclusion of any such testimony. Revco did not meet the deadline, and offers no explanation for its failure to do so or to request an extension. Its only comment on the subject is counsel's affidavit accepting full responsibility. Under these circumstances, exclusion of expert testimony was a logical consequence of the failure to meet discovery deadlines, of which counsel had full notice. We find the sanction was not unduly harsh.

### 3. No lesser sanction imposed.

We note, however, that the trial court did not first impose lesser sanctions, nor consider and reject such lesser sanctions as inadequate to remedy Revco's failure to comply with discovery. The only sanction imposed was the total exclusion of expert testimony, upon which Revco's defense is entirely dependent.

### 4. No indication that defense lacks merit.

Accepting Revco's assertions that its experts will testify that Ms. Mata's Theochron poisoning did not have long-term effects, and did not speed her death, we cannot say that the situation here meets *TransAmerican's* requirement that Revco's conduct "justifies a presumption that its claims or defenses lack merit," *Id.* at 918, and that it would be unjust to permit Revco to present the substance of that position to a jury. Revco has apparently found, albeit late in the day, three medical experts willing to testify on its behalf. The events here do not indicate that Revco has no defense.

### 5. Bad faith and callous disregard of discovery obligations.

We believe the record supports a conclusion that Revco's prior counsel exhibited callous disregard for the obligations of discovery. Why this occurred is not before us, but counsel has accepted full responsibility for the neglect exhibited here. The record reflects that plaintiff's counsel made phone calls, wrote letters, filed motions, and requested orders in a vain attempt to promptly obtain the names and opinions of Revco's experts, discovery to which she was indisputably entitled. This dereliction should be punished and discouraged.

In contrast, beyond a lengthy delay in verifying incomplete interrogatory answers, there is no evidence before us that Revco itself in bad faith refused to comply with discovery, or that it is guilty of callous disregard for its discovery obligations. We believe the record reflects it is guilty of some neglect for which sanctions may be justified. We do not believe, however, that its failures meet the strict standard *Transamerican* imposes before a trial court may effectively strip a party of its right to a trial on the merits.

For these reasons, then, we conclude that the sanction of excluding all expert testimony did not meet the *Transamerican* standards in all respects, and therefore constituted an abuse of discretion.

**SANCTIONS UPON REMAND**

Nothing in this opinion should be interpreted to prohibit the imposition of a broad spectrum of sanctions for defendant's (or counsel's) undeniably recalcitrant conduct. Reimbursing plaintiff and his attorney for the needless effort, expense and delay in obtaining the most routine discovery would clearly be appropriate. Imposition of attorneys' fees and costs [4] for plaintiff's efforts to obtain proper discovery and avoid trial by ambush would seem a just sanction without effectively precluding a trial on the merits here. Nothing in this opinion, moreover, shall be construed to prohibit exclusion of evidence or other drastic sanctions if Revco does not mend its ways and the *Transamerican* criteria are met.

## CONCLUSION

For these reasons, then, we believe that the trial court's sanctions order excluding expert testimony in this case was an abuse of discretion, and should be vacated. We conditionally grant the writ of mandamus. We are confident Judge Cooper will comply with this Court's order; writ will not issue unless he fails to vacate his order of February 8, 1994, allowing defendants to designate experts under reasonable terms.

We further believe that under the circumstances of this case, relators should bear the costs of this mandamus.

IT IS SO ORDERED.

4. Including appearing to defend Judge Cooper's interest in this mandamus, a proceeding occasioned only by defendant's tardiness in naming an expert, conduct which has not been satisfactorily explained to this day.