**Jack RICH, Individually and as Assignee of John Muir Kipp and Rex Kipp, Jr. as Assignee of William Marble Kipp, Appellants,**

**v.**

**Robert G. ELLIOTT, George L. MacGregor, Jr., Matt Landry, Jr., First South–West Investments Company, Inc., and First South–West Associates, Inc., Appellees.**

No. 08–95–00275–CV.

Court of Appeals of Texas, El Paso.

March 21, 1996.

Rehearing Overruled June 12, 1996.

Doris Sipes, John C. Schwambach, Jr., El Paso, for Appellants.

Ronald Scott, W. Stephen Benesh, Bracewell & Patterson, L.L.P., Houston, Randy Lee, Richard, Lee, Cobb & Hall, P.C., El Paso, for Appellees.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a trial court sanction dismissing Appellants' claims with prejudice. We reverse and remand the judgment of the trial court.

## I. PROCEDURAL HISTORY

On July 12, 1985, Appellants filed their original petition in this action, alleging breach of fiduciary duty and negligence. On August 9, 1985, Appellees filed an original answer and motion to transfer venue. On August 18, 1986, 168th Judicial District Court Judge Ward L. Koehler sent notice to Appellants that the court intended to dismiss the cause unless action was taken on the suit. Thereafter, in September 1986, Appellants served discovery requests upon Appellees. After requesting and obtaining an extension of time to respond to Appellees' motion to transfer venue, Appellants filed a response on February 25, 1987.

Appellants filed notices of bankruptcy on July 7, 1988. The notices apprised the trial court and the parties that Appellants' bankruptcies had been instituted on July 7, 1987, one year before the filing of the notices. Appellant Jack Rich was discharged from bankruptcy in May 1989. In August 1991, Appellant William Kipp was discharged from bankruptcy. Neither filed notices of discharge with the trial court or proceeded with the prosecution of their claims. Finally, Appellant John Kipp was discharged from bankruptcy on December 21, 1993. As with the other Appellants, Appellant John Kipp failed to file a notice of discharge with the trial court.

On October 15, 1991, the trial court issued a notice of intent to dismiss the lawsuit for want of prosecution. After receiving no response to the notice, the trial court dismissed the action on December 26, 1991. However, on January 13, 1992, the trial court reinstated the case because "Plaintiff's (sic) attorney had notified the court that the above case was in BANKRUPTCY." Nothing in the record before us indicates that Appellants' counsel apprised the trial court that Appellants Jack Rich and William Kipp were, in fact, not in bankruptcy.

On February 21, 1995, Doris Sipes and Malcolm McGregor substituted for Herb Ehrlich as counsel for Appellants. The next day, Sipes filed a certificate of readiness and jury demand. Except for Appellants' notices of bankruptcy, this was the first document Appellees had received from Appellants since Appellants filed their response to the motion to transfer venue almost eight years earlier. Thereafter, Appellees filed a reply supporting their pending motion to transfer venue and set the motion for hearing at 9:00 a.m. on May 12, 1995. Notice of the hearing was forwarded to Appellants' counsel by certified mail and received and signed for by an employee of Appellants' counsel on March 28, 1995.[1]

Appellants' counsel failed to appear at the May 12, 1995 hearing. Attorney for Appellees suggested that "the Court sua sponte, pursuant to Rule 3.10, dismiss this action as a sanction." The trial court then dismissed the suit with prejudice, making the following findings that:

1. Counsel for Plaintiffs was timely and duly notified by certified mail of the time and date of the May 12, 1995 hearing;

2. the failure of Plaintiffs' counsel to appear for the May 12th hearing was consistent with the lack of diligence displayed by Plaintiffs in prosecuting this action over the last ten years;

---

1. The initials "S. L." on the certified green card match the initials on the green cards of the other correspondence which Appellants' counsel have confirmed receiving. Regarding the initials, Appellants' counsels' secretary testified as follows at the motion for new trial:

Q. I show you a part of what has been now marked and admitted as Defendants' Exhibit 1, and that is a green card. Do you recognize Ms. Lock's initial?

A. Yes, sir.

Q. And these appear to be the initials on a green card attached to a letter dated March 22nd enclosing a notice of hearing on Defendants' motion?

A. I assume so, if you're telling me so, sir. I don't know the letter. That's what it looks like, yes, sir.

\* \* \* \* \* \*

Q. In fact, doesn't it look to you like Ms. Lock's signature, like in fact, received?

A. It was received by the receptionist, yes, sir.

3. Plaintiffs had violated El Paso Local Rule 3.10 by failing to notify the Court and parties within 30 days after the conclusion of their personal bankruptcy proceedings, and that, in fact, the Plaintiffs had delayed one or more years in notifying the Court of the conclusion of their bankruptcies;[2]

4. Plaintiffs' delay in prosecuting their claims and in apprising the Court of the conclusion of their bankruptcies had unreasonably prejudiced Defendants' ability to defend Plaintiffs' claims;

5. this cause of action should be dismissed with prejudice as a **sanction** for the above-described conduct; and

6. no lesser **sanction** than the dismissal with prejudice of Plaintiffs' claims would be appropriate or sufficient under the circumstances. (Emphases added).

On June 7, 1995, Appellants filed a motion to reinstate. A full evidentiary hearing was held on this motion on July 14, 1995, at which the trial court received the testimony of witnesses, documentary evidence, and arguments of counsel. At the hearing, Attorney Sipes and Attorney McGregor contended that they had not received actual notice of the hearing. The trial court denied the motion to reinstate, which precipitated this appeal.

## II. DISCUSSION

Appellants attack the judgment of the trial court in three points of error. In Point of Error No. Two, Appellants allege that the trial court failed to satisfy the standards set forth in *TransAmerican Natural Gas Corp.*

*v. Powell,* 811 S.W.2d 913 (Tex.1991) and, therefore, abused its discretion in dismissing the suit with prejudice. We agree.

■ The standard of review for a trial court's imposition of sanctions is abuse of discretion. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Campos v. Ysleta General Hosp., Inc.,* 879 S.W.2d 67, 69 (Tex.App.—El Paso 1994, writ denied); *Whitaker v. Bank of El Paso,* 850 S.W.2d 757, 762 (Tex.App.—El Paso 1993, no writ); *see Masterson v. Cox,* 886 S.W.2d 436, 437 (Tex.App.—Houston [1st Dist.] 1994, no writ). The test for abuse of discretion is whether the trial court acted arbitrarily and without reference to any guiding rules or principles. *Koslow's,* 796 S.W.2d at 704; *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In determining which sanctions are appropriate and just, the trial court is not limited to considering only the specific violation for which sanctions are finally imposed, but may consider everything that has occurred during the history of the litigation. *Allied Resources Corp. v. Mo–Vac Serv. Co., Inc.,* 871 S.W.2d 773, 776 (Tex.App.—Corpus Christi 1994, writ denied); *White v. Bath,* 825 S.W.2d 227, 230 (Tex.App.—Houston [14th Dist.] 1992, writ denied), *cert. denied,* 507 U.S. 1039, 113 S.Ct. 1868, 123 L.Ed.2d 488 (1993).

■ Although *TransAmerican* dealt with discovery sanctions authorized by Rule 215 of the Texas Rules of Civil Procedure, we nevertheless apply this standard.[3] *See*

2. Rule 3.10 of the El Paso County Local Rules imposes two requirements on parties who commence bankruptcy proceedings during the course of civil litigation:
(A) Bankruptcy:
1. Notice of filing.
Whenever any party to litigation in these courts files for protection under the bankruptcy laws of the United States, it shall be the responsibility of that party's counsel in these courts to promptly notify the affected courts by immediately telephoning the court coordinator and, **within three days** of any bankruptcy filing, to provide written notice to the affected courts and all counsel that a bankruptcy filing has occurred giving the name and location of the bankruptcy court, the bankruptcy cause number and style, the date of filing and the name and address of counsel for the bankrupt.
\* \* \* \* \* \*
Failure to comply with this rule may be punished by sanctioning counsel and, in appro-

priate cases, the party, once the bankruptcy is concluded.
2. Conclusion of bankruptcy.
Once a bankruptcy has been concluded, whether by discharge, denial of discharge, dismissal or otherwise, counsel shall notify the court coordinator in writing **within 30 days** so that the affected case(s) may be restored to the active docket or may be dismissed as may be appropriate.
EL PASO COUNTY DIST.CT. AND STATUTORY COUNTY CT. AT LAW LOC. R. 3.10 (emphases added).

3. As previously noted, the order of dismissal provided that "this cause of action should be dis-

*Shook v. Gilmore & Tatge Mfg. Co.*, 851 S.W.2d 887, 892 (Tex.App.—Waco 1993, writ denied) (adopting *TransAmerican* test "to determine whether sanctions were properly imposed under the court's inherent power because the same due process considerations are at issue"). We use two criteria in deciding whether imposition of sanctions is just: (1) is there a direct relationship between the offensive conduct and the sanction imposed; and (2) does the punishment fit the crime, or is the sanction excessive for the conduct? *TransAmerican*, 811 S.W.2d at 917; *Revco, D.S., Inc. v. Cooper*, 873 S.W.2d 391, 397 (Tex.App.—El Paso 1994, no writ). Under the first standard, the trial court should not punish an innocent party; thus it should make some attempt to determine whether fault for discovery abuse lies with the party, its counsel, or both. *TransAmerican*, 811 S.W.2d at 917. On the other hand, a lawyer cannot wholly shield a party from sanctions; the party must bear some responsibility for counsel's abuses when it is or should be aware of counsel's conduct. *Id.* In assessing the second standard, the sanction should be no more severe than necessary to satisfy its legitimate purposes. *Id.; Revco, D.S., Inc.*, 873 S.W.2d at 397. The court must consider less stringent sanctions and whether such lesser sanctions will fully promote compliance, deterrence, and discourage further abuse. *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 849 (Tex.1992) (orig. proceeding); *TransAmerican*, 811 S.W.2d at 917.

■ We are cognizant of the extreme delay[4] and lack of diligence which Appellants' various attorneys have shown in this action, specifically: (1) The original petition was filed over ten and one-half years ago; (2) on August 18, 1986, the trial court sent notice to Appellants that the court intended to dismiss the cause unless action was taken on the suit; (3) Appellants failed to notify the trial court within three days of the bankruptcy filing as required by Local Rule 3.10(a); (4) Appellants failed to notify the trial court within thirty days after the conclusion of the bankruptcy, as required by Local Rule 3.10(b); (5) on October 15, 1991, the trial court issued a notice of intent to dismiss the lawsuit for want of prosecution; (6) after receiving no response to the October 15, 1991 notice, the trial court dismissed the action; (7) although the trial court reinstated the case because Appellants' attorney notified the court that the case was in bankruptcy, Appellants' counsel failed to apprise the trial court that two of the Appellants, Jack Rich and William Kipp, were, in fact, not in bankruptcy; (8) although notice of a hearing on a motion to transfer venue was forwarded by certified mail and received and signed for by an employee of Appellants' counsel on March 28, 1995, Appellants' counsel failed to appear at the May 12, 1995 hearing. We are also aware that nothing in the record before us indicates anything but patience and cooperation on the part of Appellees. However, the Supreme Court has indicated that, in determining whether the imposition of sanctions is just, "[t]he trial court must at least attempt to

missed with prejudice as a sanction for the above-described conduct." Thus, we must apply the abuse of discretion standard in light of *Trans-American*, 811 S.W.2d at 917. We note that if the order stated that the action was being dismissed for want of prosecution, we would just apply the abuse of discretion standard. *See Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957) ("The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court.").

4. As was said by the Supreme Court in *Southern Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex.1975):

Delay haunts the administration of justice. It postpones the rectification of wrong and the vindication of the unjustly accused. It crowds the dockets of the courts, increasing the costs for all litigants, pressuring judges to take short cuts, interfering with the prompt and deliberate disposition of those causes in which all parties are diligent and prepared for trial, and overhanging the entire process with the pall of disorganization and insolubility. But even these are not the worst of what delay does. The most erratic gear in the justice machinery is at the place of fact finding, and possibilities for error multiply rapidly as time elapses between the original fact and its judicial determination. If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.

determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *TransAmerican,* 811 S.W.2d at 916. Because we find no such determination by the trial court in the record, we hold that the trial court abused its discretion in dismissing Appellants' causes of action against Appellees. Accordingly, we sustain Appellants' Point of Error No. Two.

Having sustained Appellants' Point of Error No. Two, we need not reach the remaining points of error.