**H.B. ZACHRY COMPANY, Relator,**

v.

**The Honorable Charles A. GONZALEZ, Judge, 57th Judicial District Court, Bexar County, Texas, Respondent.**

No. D–2601.

Supreme Court of Texas.

Feb. 3, 1993.

Rehearing Overruled March 3, 1993.

Douglas W. Alexander, Austin, Fred Shannon, and Charles Estee, San Antonio, for relator.

Richard J. Reynolds, III, and John Milano, Jr., San Antonio, for respondent.

PER CURIAM.

In this original mandamus proceeding, H.B. Zachry Company seeks to compel the Honorable Charles Gonzalez to set aside his order excluding witnesses pursuant to rule 215(5) of the Texas Rules of Civil Procedure. The witnesses were excluded because they were not fully identified in answer to interrogatories of the defendant, Bristol Metals, Inc., more than thirty days before the date of trial as required by rule 166b(6). TEX.R.CIV.P. 166b(6). Since the ruling, Judge Gonzalez removed the trial setting to a date more than thirty days from the date of the trial from which the witnesses were excluded.[1]

Because the trial setting was removed, we conclude that Zachry must be permitted an opportunity to timely supplement answers in accordance with the rules governing discovery in a civil lawsuit. The automatic exclusion of the evidence and/or witnesses from the trial provided by rule 215(5) does not continue beyond the resetting of the trial date where the date set is more than thirty days from the date of the original trial date. For the exclusion to remain beyond such a reset, the trial court's ruling enforcing the exclusion must be based upon some other sanctionable conduct of the party. The record in this proceeding demonstrates that the court's ruling is based solely upon the automatic exclusion of the evidence called for in the rule.[2]

1. Judge Gonzalez granted an abatement for sixty days so that Zachry could determine whether the claims against Bristol could be pursued in the United States Court of Claims. Zachry is suing the United States Government in that court on the same facts and circumstances made the basis of the lawsuit against Bristol in state court. After the time for the abatement had expired, Zachry then approached Judge Gonzalez to reconsider his ruling made the basis of this mandamus action. At the hearing on the motion to reconsider on October 18, 1992, the judge refused to reconsider and then set the case for trial on December 9, 1992. We note that the trial judge disclaimed that the resetting of the case was a "continuance," but the case was reset just the same.

2. Zachry also asserts that this order, which excludes sixteen of its twenty witnesses (and all of its designated experts), amounted to an unconstitutional death penalty sanction and, thus independently, constituted grounds for mandamus relief. *See generally Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 915 (Tex.1992); *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992; orig. proceeding); *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917–18 (Tex. 1991; orig. proceeding). Because the trial setting was passed in this case, and because the

Consequently, we grant the motion for leave to file petition for writ of mandamus, and pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of this court conditionally grants the writ of mandamus. We are confident that Judge Gonzalez will comply with the order of this court. Therefore, the writ will not issue unless Judge Gonzalez fails to vacate his order excluding witnesses and to permit timely supplementation in accordance with the applicable rules of civil procedure.

SPECTOR, J., not sitting.

mandatory exclusion requirement does not survive the resetting, the questions addressed in

*TransAmerican* are not reached.