**J.G., Relator,**

v.

**Hon. Menton MURRAY, Visiting Judge of the 332nd District Court of Hidalgo County, Texas, Respondent.**

No. 13–95–522–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 21, 1995.

William J. McCarthy, Oxford, Oxford & Gonzalez, Edinburg, TX, Ramon Garcia, Edinburg, TX, for relator.

Alfred Tilden Denham, Mission, TX, Steven M. Vidaurri, Brin & Brin, McAllen, TX,

Edwin R. Fleuriet, Fleuriet, Schell & Franz, Harlingen, TX, for real party in interest.

Before FEDERICO G. HINOJOSA, Jr., YAÑEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

We withdraw our original opinion issued on November 29, 1995, and substitute the following as the opinion of the Court.[1]

In this original mandamus proceeding, J.G., seeks to compel the Honorable Menton Murray to set aside his order excluding the testimony of Garza's expert witness, Kit W. Harrison. We conditionally grant the writ of mandamus.

The underlying case stems from allegations by real party in interest, Reagan Centeno, that J.G. sexually molested her when she was approximately three or four years old. Centeno's allegations are based on repressed memories.

On September 2, 1994, the trial court entered a docket control order setting the case for trial on June 12, 1995 and giving J.G. until April 12, 1995 to designate experts. On October 3, 1994, J.G. filed his answers to Centeno's interrogatories in which he stated that he had not yet selected any experts. The trial court twice reset the case for trial to October 10, 1995 and November 27, 1995. On September 8, 1995, J.G. filed a letter with the court, designating Harrison as an expert and attaching a copy of Harrison's curriculum vitae. Thirty-one days before trial, on October 27, 1995, J.G. supplemented his response to Centeno's interrogatories. J.G.'s supplemental response contained Harrison's name and address as well as his mental impressions and opinions and the subject matter of his testimony.

On November 27, 1995, Centeno moved to exclude Harrison's testimony and argued that the untimely designation of Harrison as an expert witness violated the docket control order's expert designation deadline. By order dated that same day, the trial court struck Harrison as an expert witness. J.G. now brings this mandamus action seeking withdrawal of the order excluding Harrison's testimony.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Where a trial court's discovery error vitiates or severely limits a party's ability to present their otherwise viable claim or defense, appeal is not an adequate remedy. *Id.* at 843.

■ J.G. argues that precluding expert testimony severely compromises him from presenting his defense. Harrison's testimony is expected to contradict Centeno's expert's testimony regarding the reliability of repressed memories. Thus, we agree that Harrison's testimony is essential to J.G.'s defense, and consequently appeal is an inadequate remedy in this situation. We will therefore consider the issues presented.

■ The issue presented by the mandamus is whether the discovery deadline established by the docket control order survived the resetting of the case. Rule 166b(6)(b) provides that a party who expects to call an expert witness but has not yet identified either the identity of the expert or the subject matter of the expert's testimony must supplement his response "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." TEX.R.CIV.P. 166b(6)(b). A party's failure to supplement his response to a request for discovery results in exclusion of the evidence and/or the testimony of an expert witness unless the trial court finds that

---

1. The relator, J.G., filed an unopposed motion asking the Court to substitute his initials for his name. Because of the nature of the allegations in the underlying cause of action, we will substitute relator's initials for his name in our earlier opinion. *See Gustafson v. Chambers*, 871 S.W.2d 938, 950 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding) (initials used to refer to doctor involved in dispute over whether doctor's alleged intoxicant abuse caused injury to plaintiff); *Harris County Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 719–22 (Tex.App.—Houston [1st Dist.] 1993, no writ) (initials used in the style of the case for the name of a party who had sought expunction of criminal records).

**550**

good cause exists to require admission. Tex. R.Civ.P. 215(5).

J.G. argues that the docket control order deadline did not survive the case's new trial settings and refers this Court to *H.B. Zachry Co. v. Gonzalez*, 847 S.W.2d 246 (Tex.1993). In *H.B. Zachry*, the supreme court discussed the exclusion of witnesses under rule 215(5). *H.B. Zachry* involved witnesses who were excluded because they were not fully identified in answer to interrogatories more than thirty days before the date of trial as required by rule 166b(6)(b). After that ruling, the trial court reset the trial to a date more than thirty days from the date of the trial from which the witnesses were excluded. The supreme court conditionally granted a writ of mandamus to permit supplementation of answers to interrogatories. *Id.* at 246. The court held that the automatic exclusion provided by rule 215(5) does not continue beyond the resetting of the trial date where the date set is more than thirty days from the date of the original trial date. *Id.* For the exclusion to remain beyond a resetting, the trial court's ruling enforcing the exclusion must be based upon some other sanctionable conduct of the party. *Id.*

■ Two appellate court mandamus actions have applied the logic of *H.B. Zachry* to situations involving a set discovery schedule rather than the automatic thirty-day period provided by the procedural rules. *See Pope v. Davidson*, 849 S.W.2d 916 (Tex.App.— Houston [14th Dist.] 1993, orig. proceeding) (docket control order setting deadline for designation of expert witnesses); *Revco, D.S., Inc. v. Cooper*, 873 S.W.2d 391 (Tex. App.—El Paso 1994, orig. proceeding) (pre-trial order setting deadline for filing answers to interrogatories requesting identity of expert witnesses). Both *Pope* and *Revco* involved situations in which a party had failed to comply with either a docket control order or a pre-trial order deadline to designate experts. The parties in these cases had protracted histories of noncompliance with discovery requests and orders. The trial courts in both cases reset the trial to a date more than thirty days from the date of the original trial date. The *Pope* and *Revco* courts held that where the exclusion order was imposed

as a sanction for discovery abuse and not based on the automatic exclusion of rule 215(5), the exclusion order survived the resetting of the case. *Pope*, 849 S.W.2d at 919; *Revco*, 873 S.W.2d at 396. Thus, a trial resetting has the effect of nullifying a discovery deadline set by a docket control order. However, if the deadline is imposed for some prior abuse of discovery, then it survives the resetting of the trial.

In the present case, no abuse of discovery occurred. J.G. failed to designate his expert witness by the deadline set by the docket control order. The case was reset for trial to a date more than thirty days from the date of the original trial date. The record indicates that the exclusion order was based on the automatic exclusion of rule 215(5) since J.G. failed to comply with the discovery deadline established by the docket control order. Nevertheless, because of the trial resetting, the docket control order was nullified and the exclusion order did not survive the resetting of the case. Therefore, J.G.'s supplemental answer was timely filed within thirty days prior to the beginning of trial.

■ Centeno argues that even if J.G.'s supplemental answer was timely filed, it was not a complete and adequate answer to her interrogatory since the answer failed to specify facts the expert relied on in forming his opinions. The interrogatory and answer read as follows:

*Interrogatory No. 3:*

State the name, address and telephone number of each person who is to be called by you as an expert witness, giving the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

*Supplemental Answer*

Kit W. Harrison, Ph.D.
5599 San Felipe
Suite 1010
Houston, Texas 77056
(713) 961–1112

Dr. Harrison will testify about repressed memory theory, the events alleged and asserted by Plaintiff, the psychotherapy provided to Plaintiff, and the opinions of all mental health professionals that have evaluated Plaintiff. Dr. Harrison has knowledge of Plaintiff's psychological background, knowledge of Defendant [J.G.]'s personality and character. He has expertise in the area of repressed memory syndrome. Dr. Harrison's [sic] opines that Plaintiff's alleged recollections of repressed memory of sexual abuse by Defendant is invalid and untrue.

We find that this answer sufficiently responds to Centeno's interrogatory regarding J.G.'s expert witness. Although J.G. did not enumerate the specific facts Harrison relied on, J.G. did indicate which facts Harrison considered by inferring that Harrison's opinion regarding the falsity of Centeno's repressed memory is based on his knowledge of her psychological background and his knowledge of J.G.'s personality and character.

 Lastly, Centeno argues that J.G.'s extraordinary action in filing the petition for writ of mandamus and requesting a stay of the trial court proceedings should not be condoned by this Court because of its disruptive nature on the proceedings below. While a stay of the proceedings in which the case has gone to trial is rare and may be disruptive, we find that in this particular case J.G. had no other option. Centeno was provided with the supplemental answer thirty-one days in advance of trial, yet failed to object and chose not to file her motion to strike the expert until the day of trial. When the court ruled against him, J.G. filed a motion to reconsider which was denied. At the hearing before this Court, counsel for J.G. informed us that he also tried to postpone the trial until the present mandamus action could be resolved. This too was denied. Thus, J.G. did all he could to settle this issue before the start of the trial but to no avail. Though the mandamus action and order staying the proceedings may be disruptive, we note that Centeno's actions contributed to the circumstances resulting in the disruption, and therefore, cannot now complain about the situation she helped to create.

We conditionally grant a writ of mandamus directing the trial court to vacate its order excluding the testimony of Kit W. Harrison. The writ will not issue unless the trial court fails to comply with the opinion of this Court.

This Court's previous order staying all proceedings in the trial court is hereby withdrawn.