NUMBER 13-05-316-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_______________________________________________________

IN RE ROEL PENA 
AND AVENTIS PHARMACEUTICALS, INC. 
_______________________________________________________

On Petition for Writ of Mandamus
_______________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Yañez 
Per Curiam Memorandum Opinion




         In this original proceeding, relators, Roel Pena and Aventis Pharmaceuticals, Inc.,
request the Court to direct the Honorable Bobby Flores to vacate his April 4, 2005, “Order
Limiting the Testimony of Defendants’ Expert Witness, Leonard Vaughan.” Relators,
defendants below, argue that the exclusion of Vaughan’s testimony is tantamount to a
death penalty sanction. Because we conclude that relators have an adequate remedy by
appeal, we deny mandamus relief without reaching the merits of the trial court’s ruling
excluding Vaughan’s testimony.
Background
          The underlying cause is a personal injury action for damages arising from a collision
between a motor vehicle and a motorcycle. Relators retained Vaughan, an accident
reconstruction consultant, to testify as an expert regarding the cause of the accident at
issue, the speed of the vehicles, and the “rules of the road” concerning motorcycles and
automobiles. Real parties in interest, Angel Eliseo Chacon and Sheila Mordan, moved to
exclude Vaughan’s testimony arguing that Vaughan is not qualified to testify because he
is not an engineer and his opinions are neither relevant nor reliable. See generally Tex.
R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); Gammill v. Jack
Wiliams Chevrolet, Inc., 972 S.W.2d 713 (Tex. 1998); E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549 (Tex. 1995). By an amended motion to exclude, real parties
in interest additionally argued that Vaughan’s expert report was based on information
gathered from an unidentified witness, and such testimony constituted “unreliable and
inadmissible hearsay.”
          The trial court granted real parties’ motion to exclude, in part, and limited the scope
of Vaughan’s testimony. According to the trial court’s order, the court found that “there is
insufficient factual predicate” with respect to Vaughan’s opinions regarding the speed of
the motorcycle prior to the collision, as well as separation speed, post-collision speed, and
the ultimate resting location of the motorcycle after the accident, and the trial court thus
struck Vaughan’s proposed testimony regarding these issues. The court further ruled that
“Vaughan is not qualified and will not be allowed to testify as to engineering opinions or
calculations.”
Standard of Review
          Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and there is no adequate remedy on appeal. Walker v. Packer, 827
S.W.2d 833, 840-44 (Tex. 1992); In re Steiger, 55 S.W.3d 168, 170-71 (Tex. App.–Corpus
Christi 2001, orig. proceeding). A trial court abuses its discretion when it acts in an
unreasonable or arbitrary manner or, stated differently, when it acts without reference to
guiding rules and principles. City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d
750, 757 (Tex. 2003). 
          An appellate remedy may be adequate even though it involves more delay or cost
than mandamus. Walker, 827 S.W.2d at 842. An appellate remedy is adequate when any
benefits to mandamus review are outweighed by the detriments; on the other hand, when
the benefits outweigh the detriments, appellate courts must consider whether the appellate
remedy is adequate. In re Prudential Ins. Co., 148 S.W.3d 124, 136 (Tex. 2004) (op. on
reh’g). An appeal is inadequate when it comes too late to correct the court's error without
the loss of substantial rights to the complaining party. In re Kan. City S. Indus., 139
S.W.3d 669, 670 (Tex. 2004). 
          A party does not have an adequate remedy by appeal when: (1) an appellate court
would not be able to cure the trial court's discovery error, such as when privileged
information or trade secrets would be revealed or production of patently irrelevant or
duplicative documents imposing a disproportionate burden on the producing party is
ordered; (2) a party's ability to present a viable claim or defense is severely compromised
or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the
ability to develop the merits of its case; or (3) a trial court's discovery order disallows
discovery which cannot be made a part of the appellate record, thereby denying the
reviewing court the ability to evaluate the effect of the trial court's error. Walker, 827
S.W.2d at 843.
Analysis
          Relators contend that mandamus is appropriate in this case because the trial court’s
ruling effectively “hamstring[s]” relators in their ability to present a defense, and, under the
guidelines utilized by the Texas Supreme Court in Prudential, the benefits to mandamus
review outweigh the detriments. See In re Prudential Ins. Co., 148 S.W.3d at 136. 
Relators further argue that this Court has previously granted mandamus relief for a trial
court’s order striking an expert. See J.G. v. Murray, 915 S.W.2d 548 (Tex. App.–Corpus
Christi 1995, orig. proceeding). In that case, the trial court excluded an expert witness on
grounds he had not been timely identified under the deadlines in a docket control order
even though the trial court had reset the case for trial and issued an amended docket
control order with new expert deadlines. See id. at 549. This Court held that the new trial
setting nullified the previous docket control order, and thus the trial court’s ruling excluding
the expert constituted an abuse of discretion justifying mandamus relief. Id. at 550.
          Our analysis in Murray is premised on discovery deadlines and not the admissibility
of an expert opinion, and accordingly, Murray does not control our analysis of the instant
case. Based on the allegations herein, we conclude that relators have an adequate
remedy by appeal. See In Re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998); In re
Thornton-Johnson, 65 S.W.3d 137, 139 (Tex. App.–Amarillo 2001, orig. proceeding)
(denying mandamus relief for order excluding expert); In re Kellogg Brown & Root, Inc., 7
S.W.3d 655, 658 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding) (same). In the
instant case, relators have not clearly established the impossibility of defending the
underlying personal injury lawsuit. Nor have relators shown that the exclusion of
Vaughan’s testimony prevents them from defending against the claims of the real parties
in interest such that a trial would be a waste of judicial resources. The trial court's order
circumscribes Vaughan’s testimony, but does not prevent Vaughan from testifying or
prevent relators from presenting other evidence or testimony concerning the accident. 
Finally, relators have not shown that a remedy by appeal will cause them “the permanent
loss of substantial rights.” See In re Kan. City S. Indus., 139 S.W.3d at 670.
Conclusion 
          The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that relators have not shown themselves entitled to the relief sought. 
Relators’ ability to present a viable defense has not been severely compromised or vitiated
by the trial court’s ruling to the extent that relators are effectively denied the ability to
develop the merits of the case. See Walker, 827 S.W.2d at 843. 
          Accordingly, the petition for writ of mandamus is DENIED and relators’ motion for
temporary relief is DENIED as moot. See Tex. R. App. P. 52.10 (“relator may file a motion
to stay any underlying proceedings or for any other temporary relief pending the court’s
action on the petition”) (emphasis added).
                                                                                      PER CURIAM


Memorandum Opinion delivered and filed
this 12th day of May, 2005.