ACCEPTED
01-15-00877-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/15/2015 4:07:10 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-00715-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/15/2015 4:07:10 PM
CHRISTOPHER A. PRINE
Clerk

IN THE FIRST DISTRICT COURT OF APPEALS
HOUSTON, TEXAS

## IN RE CVR ENERGY, INC. AND CVR REFINING, LP, RELATORS

Original Proceeding
From the 268th Judicial District Court of Fort Bend County, Texas
Cause No. 2015-DCV-220330
The Honorable Brady G. Elliott, Presiding

## RELATORS' EMERGENCY MOTION TO STAY UNDERLYING LITIGATION PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS

Phillip D. Sharp
State Bar No. 18118680
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile
*sharp@mdjwlaw.com*

Lee M. Smithyman
Kansas State Bar No. 09391
SMITHYMAN & ZAKOURA, CHARTERED
750 Commerce Plaza II Building
7400 West 110th Street
Overland Park, Kansas 66210-2362
(913) 661-9800 – Telephone
(913) 661-9861 – Facsimile
*lee@smizak-law.com*
*Application for pro hac admission
pending*

1

**TO THE HONORABLE COURT OF APPEALS:**

On October 12, 2015, Judge James Shoemake denied the relator's motion for leave to designate the real parties in interest/plaintiffs' employer, Wynnewood Refining Company, LLC as a responsible third party. Rec. Tab 16. On October 14, 2015, the relators initiated this mandamus proceeding asking the Court to compel Judge Shoemake to vacate his order denying the motion for leave and to grant the motion. The relators now seek emergency interim relief, asking this Court to order a stay of the quickly approaching October 20, 2015 trial setting of the underlying case in order to avoid otherwise unavoidable error and harm in trying the underlying proceeding without allowing the jury to consider the negligence, if any, of the entity that controlled the premises on which the explosion occurred and who employed Mann and Smith, as well as to allow this Court the opportunity to thoughtfully consider the pending petition for writ of mandamus.

## ANALYSIS AND AUTHORITIES

During the pendency of a mandamus proceeding, this court is authorized to grant temporary relief, including a stay of an underlying trial. Tex. R. App. P. 10; *see also, e.g., J.G. v. Murray*, 915 S.W.2d 548, 551 (Tex. App.—Corpus Christi 1995, no writ). The facts support such relief here.

This matter arises out of a tragic accident occurring in Wynnewood, Oklahoma. On September 28, 2012, Russell Mann and Billy Smith, while in the

2

course and scope of their employment for Wynnewood Refining Company, were assisting in a re-start of a boiler at the Wynnewood Refinery, when the boiler suddenly exploded, killing both. *See* Rec. Tab 2 at ¶¶ 15-17. On September 30, 2013, the real parties in interest, sued the relators and Wynnewood Refining Company, alleging that Wynnewood's acts and omissions proximately caused Mann and Smith's deaths. *See id.*

Wynnewood was a defendant in the underlying case from that point until April 22, 2015, when, despite the fact that the real parties continued to believe Wynnewood's acts or omissions proximately caused Mann and Smiths deaths (*see* Rec. Tab 8), the real parties non-suited their claims against Wynnewood. Rec. Tab 14. Less than a month later, on May 18, 2015, the relators amended their disclosures to identify Wynnewood as a responsible third party and timely moved for leave to designate Wynnewood as a responsible third party pursuant to the Texas Civil Practice and Remedies Code. Rec. Tab 9.

The trial court denied the motion for leave to designate Wynnewood as a responsible third party on October 12, 2015, eight days before trial in the underlying proceeding is scheduled to commence. *See* Rec. Tab 16. For the reasons noted in the relators' petition for writ of mandamus, which the relators incorporate by reference but will not repeat here, there is no proper basis to deny

3

the motion for leave and the trial court abused its discretion by denying the motion. *See* Petition for Writ of Mandamus.

The relators have filed an emergency motion in the trial court, asking it to reconsider its order denying the motion for leave and asking, in the alternative, for a stay of the quickly approaching trial to allow this Court the opportunity to consider the petition for writ of mandamus. Exhibit 1. However, the trial court has, to date, refused to schedule a hearing despite the relators' request for same, and has not ruled on the emergency motion.[1]

While the relators believe that the facts will establish at trial that they are not liable to the real parties, they cannot agree to try the case under the present procedural posture. Pursuant to the trial court's improper ruling on the motion for leave, the jury would be improperly precluded from considering whether the real parties' employer, who was also in control of the premise on which the explosion occurred, proximately caused the damage about which the real parties' complain.[2]

---

[1] In the event the trial court ultimately orders the trial stayed pending this mandamus proceeding, the relators' will withdraw their motion in this Court. If the trial court grants the motion for reconsideration, the relators' will dismiss their petition for writ of mandamus.

[2] Indeed, there are other impediments to trying the underlying case at this time as the real parties are ostensibly seeking to try their wrongful death claims piecemeal, without all of the wrongful death beneficiaries represented in the lawsuit. *See* Rec. Tab 15. To recover an enforceable judgment under Texas's wrongful death statutes, as the real parties' seek to do, all of a deceased individual's wrongful death beneficiaries are required to present their claims in a single lawsuit. *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 850 (Tex. App.—San Antonio 1997, writ denied). *Tex. Health Enters., Inc. v. Geisler*, 9 S.W.3d 163, 169 (Tex. App.—Fort Worth, pet. dism'd) (holding a judgment "cannot stand" where the record shows that all statutory beneficiaries are not parties to the lawsuit, or that the wrongful death claims have not been

The trial cannot properly go forward under these facts. *See, e.g., In re Energy Resources Technology GOM,* 2012 WL 4754006 at * 1-2 (Tex. App.—Houston [14th Dist.] Oct. 4, 2012, orig. proceeding) (holding that trial court's improper denial of a motion for leave to designate a responsible third party requires reversal by mandamus such that a trial cannot proceed until the legal error is corrected); *In re Lewis Casing Crews, Inc.*, 2014 WL 3398170 at * 2 (Tex. App.—Eastland July 10, 2014, orig. proceeding) (same); *In re Arthur Andersen LLP*, 121 S.W.3d 471, 481, 486 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (same); *In re Greyhound Lines, Inc.*, 2014 WL 1022329 at * 4 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding). Accordingly, the relators' respectfully request that the Court issue an order staying the trial in the underlying proceeding during the pendency of this mandamus proceeding.

WHEREFORE for the reasons noted above and in their petition for writ of mandamus, the Relators pray that this Court issue a temporary stay of the trial in the underlying proceedings lasting for the pendency of this mandamus proceeding.

---

brought for the benefit of all the statutory beneficiaries). The relators have filed a plea in abatement in the trial court on this issue, but still await a ruling from the trial court on it.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.


By: _/s/ Phillip D. Sharp_
      Phillip D. Sharp
      Texas State Bar No. 18118680
808 Travis, 20th Floor
Houston, TX 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
*sharp@mdjwlaw.com*


SMITHYMAN & ZAKOURA,
CHARTERED


By: _/s/ Lee M. Smithyman_
      Lee M. Smithyman
      KS Supreme Court #09391
750 Commerce Plaza II
7400 West 110th Street
Overland Park, KS 66210-2362
Telephone: (913) 661-9800
Facsimile: (913) 661-9863
*lee@smizak-law.com*

*Application for admission pro hac vice
pending*

ATTORNEYS FOR RELATORS

6

## CERTIFICATION & VERIFICATION

The undersigned has reviewed the emergency motion for stay and concluded that every factual statement therein is true and correct.

*/s/ Philip D. Sharp*
Philip D. Sharp


## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Petition for Writ of Mandamus contains 994 words and complies with rule 9.4 of the Texas Rules of Appellate Procedure.

*/s/ Philip D. Sharp*
Philip D. Sharp
Dated: October 15, 2015


## CERTIFICATE OF CONFERENCE

This is to certify that my office has conferred with counsel for the real parties in interest regarding the relief requested in this motion. The real parties are opposed to the relief requested.

*/s/ Philip D. Sharp*
Philip D. Sharp
Dated: October 15, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing instrument have been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the15th day of October, 2015, via the method indicated below:

Gary M. Riebschlager
The Riebschlager Law Firm
801 Congress, Suite 250
Houston, TX 77002
*gary@riebschlagerlaw.com*
*cecilia@riebschlagerlaw.com*
*via e-filing*

Richard L. Tate
Tate, Moerer & King, LLP
206 South Second Street
Richmond, TX 77469
*rltate@tate-law.com*
*via e-filing*

Sidney F. Robert
Brent Coon & Associates
300 Fannin, Suite 200
Houston, TX 77002
*sidney.robert@bcoonlaw.com*
*belinda@bcoonlaw.com*
*via e-filing*

David M. Medina
The Medina Law Firm
5800 Memorial Drive, Suite 890
Houston, TX 77007
*davidmedina@justicedavidmedina.com*
*via e-filing*

The Honorable James H. Shoemake
434th JUDICIAL DISTRICT COURT
Fort Bend County Justice Center
1422 Eugene Heimann Circle
Courtroom: Room 3I
Telephone: 281-341-4409
*Via e-filing*

*/s/ Philip D. Sharp*
Philip D. Sharp
Dated: October 15, 2015

# APPENDIX

# Index to Appendices

**Tab 1**      **CVR Energy's Motion for Reconsideration or Stay**

# TAB 1

Filed
10/14/2015 4:20:08 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Nereyda Flores

CAUSE NO. 13-DCV-209679

| LEEANNA MANN and KARI SMITH, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| CVR ENERGY, INC., CVR PARTNERS, LP, | § | |
| CVR REFINING, LP, GARY-WILLIAMS | § | |
| ENERGY COMPANY, LLC, WYNNEWOOD | § | |
| REFINING COMPANY, LLC | § | |
| Defendants | § | 434TH JUDICIAL DISTRICT |

## DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION OR STAY

COME NOW Defendants CVR Energy, Inc., CVR Partners, LP, and Gary-Williams Energy Co., LLC (the "CVR Entities") and file this Emergency Motion for Reconsideration or Stay and respectfully request that the Court reconsider its denial of their Motion for Leave to Designate Wynnewood Refining Company as a responsible third party or stay the captioned proceedings pending resolution of the mandamus proceedings regarding the Court's order denying the motion for leave.

1. Trial in this matter is set for October 20, 2015.

2. On October 12, 2015, the Court issued an order denying the CVR Entities' motion for leave to designate Wynnewood Refining Company as a responsible third party.

3. The CVR Entities will be filing a petition for writ of mandamus in the court of appeals later this afternoon, asking it to issue a writ of mandamus directing the Court to vacate its order denying the motion and granting the CVR Entities' motion for leave to designate Wynnewood as a responsible third party. *See* Exhibit 1 – Petition for Writ of Mandamus.

4. For the reasons noted in their motion for leave, their reply to the plaintiff's objections to the motion for leave, their supplemental memorandum in support of the motion for leave, as well as their petition for writ of mandamus, there is no proper basis to deny the jury the

1

opportunity to evaluate Wynnewood's responsibility for the deaths at issue in this lawsuit. Accordingly, the CVR Entities respectfully request that the Court either (1) vacate its order denying their motion for leave and issue an order granting the motion for leave or (2) remove this matter from the October 20, 2015 trial docket and order the matter stayed pending the resolution of the mandamus proceedings in the court of appeals.

Respectfully Submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By:  /s/ Phillip D. Sharp
Phillip D. Sharp
Texas State Bar No. 18118680
808 Travis, 20th Floor
Houston, TX 77002
Telephone: (713) 632-1700
Telefacsimile: (713) 222-0101
Email: sharp@mdjwlaw.com


/s/ Lee M. Smithyman
Lee M. Smithyman
SMITHYMAN & ZAKOURA, CHARTERED
KS Supreme Court #09391
750 Commerce Plaza II,
7400 W. 110th Street
Overland Park, KS 66210-2362
Telephone: (913) 661-9800
Telefacsimile: (913) 661-9863
Email: lee@smizak-law.com

ATTORNEYS FOR DEFENDANTS

2

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 14, 2015, my office attempted to confer with Plaintiffs' counsel Gary Riebschlager and Richard Tate. I was unable to reach either gentleman, and can only assume that they oppose the relief requested in this emergency motion. If an agreement can be reached to obviate the need for the Motion to Reconsider or Stay, I will so notify the court.

_/s/ Phillip D. Sharp_
Phillip D. Sharp

3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing instrument have been forwarded to all known counsel of record in accordance with the Texas Rules of Civil Procedure on this the 14th day of October, 2015, via email and facsimile:

Gary M. Riebschlager                                          *Facsimile: 713-228-2210*
The Riebschlager Law Firm
801 Congress, Suite 250
Houston, TX 77002
gary@riebschlagerlaw.com
cecilia@riebschlagerlaw.com

Richard L. Tate                                              *Facsimile: 281-341-1003*
Tate, Moerer & King, LLP
206 South Second Street
Richmond, TX 77469
rltate@tate.law.com

Sidney F. Robert                                            *Facsimile: 713-225-1785*
Brent Coon & Associates
300 Fannin, Suite 200
Houston, TX 77002
sidney.robert@bcoonlaw.com
belinda@bcoonlaw.com

David M. Medina                                             *Facsimile: 713-583-5915*
The Medina Law Firm
5800 Memorial Drive, Suite 890
Houston, TX 77007
davidmedina@justicedavidmedina.com

Adraon D. Greene                                            *Facsimile: 713-599-0777*
Ryan B. Brown
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010
agreene@gallowayjohnson.com
rbrown@gallowayjohnson.com


__/s/ Phillip D. Sharp_____
Phillip D. Sharp

4

Filed
10/14/2015 4:22:32 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Nereyda Flores

## CAUSE NO. 13-DCV-209679

| | | |
|---|---|---|
| LEEANNA MANN and KARI SMITH, | § | IN THE DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | FORT BEND COUNTY, TEXAS |
| CVR ENERGY, INC., CVR PARTNERS, LP, | § | |
| CVR REFINING, LP, GARY-WILLIAMS | § | |
| ENERGY COMPANY, LLC, WYNNEWOOD | § | |
| REFINING COMPANY, LLC | § | |
| Defendants | § | 434TH JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS' EMERGENCY MOTION FOR RECONSIDERATION OR STAY

The Court has considered Defendants' Emergency Motion for Reconsideration or Stay and finds:

_____ The Motion for Reconsideration is meritorious and should be granted. Accordingly, the Court VACATES its October 12, 2015 order denying Defendants' Motion for Leave to Designate Wynnewood Refining Company, LLC as a responsible third party, and GRANTS the Motion for Leave to Designate Wynnewood Refining Company, LLC as a responsible third party.

_____ The Motion for Stay should be granted. Accordingly, the Court removes the captioned matter from the October 20, 2015 trial docket. The trial will be rescheduled after the final resolution of the mandamus proceedings pending in the First or Fourteenth Court of Appeals.

Signed this _____ day of October, 2015.

_____
Judge Presiding

5