

# NUMBER 13-18-00680-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ROGELIO RODRIGUEZ,** **Appellant,**

**v.**

**NICOLAS GOLARTE D/B/A**
**TALK N TALK WIRELESS &**
**SATELLITES,** **Appellee.**

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Rogelio Rodriguez appeals from the trial court's grant of a plea to the

jurisdiction in favor of appellee Nicolas Golarte d/b/a Talk N Talk Wireless & Satellites

(Talk N Talk). Rodriguez contends that the trial court committed error when it granted Talk

N Talk's plea to the jurisdiction (issue one) and the trial court's order of April 29, 2016 granting Talk N Talk's affirmative and no evidence motion for summary judgment is not a final appealable order because it does not dispose of all claims and all parties (issue two) nor does it contain decretal language (issue three). We reverse and remand.

## I.   PROCEDURAL HISTORY

In April 2014, Rodriguez filed a personal injury suit against Talk N Talk and Nicolas Golarte d/b/a Global Satellites. He alleged negligence and gross negligence against Talk N Talk. In January 2015, Talk N Talk filed its "Plea to the Jurisdiction, or, in the Alternative, Affirmative and No Evidence Motion for Summary Judgment" arguing that Rodriguez did not exhaust his administrative remedies as required by worker's compensation. Rodriguez responded and Talk N Talk replied to said response. The trial court set the summary judgment motion for submission on February 27, 2015, but it did not rule on the motion at that time. Over one year later, on March 9, 2016, a docket control order set the case for trial to be held on December 5, 2016.

On April 22, 2016, Rodriguez filed his first amended original petition, asserting additional claims for negligent misrepresentation and fraud. One week later, on April 29, 2016, the trial court granted Talk N Talk's summary judgment motion and severed the claims against Talk N Talk into a new cause number, stating in relevant part:

> After considering remarks of counsel and the Affirmative and No Evidence Motion for Summary Judgment of [Talk N Talk], together with [Rodriguez's] Response thereto and said [Talk N Talk's] Reply to said Response, the Court is of the opinion that the Affirmative and No Evidence Motion for Summary Judgment of [Talk N Talk] should be GRANTED. It is therefore,
>
> ORDERED, ADJUDGED, and DECREED that [Talk N Talk] is hereby GRANTED. It is further

> ORDERED, ADJUDGED, and DECREED that [Rodriguez's] cause of action against [Talk N Talk], and this Order Granting [Talk N Talk's] Affirmative and No Evidence Motion for Summary Judgment, be severed . . . .

Rodriguez's newly pleaded claims were not referenced in the trial court's order.

On May 23, 2016, Rodriguez filed a motion for new trial and a hearing was held on June 7, 2016. At the hearing, Rodriguez argued that his negligent misrepresentation and fraud claims were still active claims as they were not addressed by the summary judgment motion or the order granting summary judgment. Talk N Talk countered that, at the time summary judgment was granted, the trial court had before it all claims argued by Rodriguez, including the misrepresentation and fraud claims, and therefore the order disposed of all claims. The trial court denied the motion for new trial and reiterated that her order on the summary judgment stood, while being candid that she did not know "where this goes" regarding the additional claims filed in the amended petition.

Approximately sixteen months later, on October 27, 2017, the trial court held a docket control conference. Talk N Talk did not appear. The trial court set trial for August 13, 2018. On that date, a substitute judge granted Rodriguez's oral request for a default judgment against Talk N Talk, who again did not appear. The next day, on August 14, 2018, Talk N Talk filed an emergency motion to set aside the default judgment and a plea to the jurisdiction. The trial court set aside the default judgment and on November 21, 2018, after a hearing, it granted the plea to the jurisdiction, agreeing with Talk N Talk that it no longer had jurisdiction because it did not have plenary power. This appeal followed.

## II.    PLEA TO THE JURISDICTION[1]

Rodriguez argues the trial court erred in granting Talk N Talk's August 14, 2018 plea to the jurisdiction. He contends that his negligent misrepresentation and fraud claims survived the summary judgment order and asserts, therefore, that the trial court maintained plenary power over those claims. Talk N Talk responds that the trial court lost plenary power, having disposed of all of Rodriguez's claims in granting Talk N Talk's motion for summary judgment and denying Rodriguez's motion for new trial in 2016.

### A.    Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id*. Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004).

### B.    Final and Appealable Order

In issues two and three, which we address first, Rodriguez contends that the trial court's order granting summary judgment did not dispose of all of his claims and did not contain decretal language. For purposes of appellate jurisdiction, an order finally disposes of a claim only if there is a clear indication that the trial court intended the order to do so.

---

[1] Talk N Talk argues that we do not have jurisdiction over this appeal, specifically arguing that the summary judgment was granted more than two years prior to the appeal and all appellate deadlines have since expired. This appeal, however, is taken from the granting of Talk N Talk's 2018 plea to the jurisdiction, not the granting of the motion for summary judgment in 2016. The 2018 plea to the jurisdiction was granted on November 21, 2018, and the notice of appeal was timely filed on December 19, 2018. *See* TEX. R. APP. P. R. 26.1. Accordingly, we have jurisdiction over this appeal.

*Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 163 (Tex. 2015) (per curiam); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Finality 'must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996) (citing 5 RAY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, ed., 1992 ed.)); *see Ferguson v. Ferguson*, 338 S.W.2d 945, 947 (Tex. 1960).

Rodriguez complains on appeal that the additional claims in his amended petition were not dismissed because the motion for summary judgment did not address those claims. Talk N Talk's motion for summary judgment, which was filed more than one year prior to Rodriguez's amended petition, requested that the "case be dismissed for want of jurisdiction, or in the alternative, that Defendant Talk N Talk be awarded summary judgment such that Plaintiff take nothing herein against Defendant Talk N Talk . . . ." The summary judgment order states that "the Affirmative and No Evidence Motion for summary Judgment of [Talk N Talk] should be GRANTED." It further stated that it was "ORDERED, ADJUDGED, and DECREED" that the motion is granted. It does not specify that any claims survived the summary judgment, but rather it goes on to sever the claims into a separate cause of action to be dismissed. While Rodriguez's contention is that the trial court only dismissed those claims in his original petition, at the hearing on his motion for new trial, Rodriguez specifically pointed out to the trial court that the two claims in his amended petition were not addressed and should still be active. After the hearing, the trial court denied his motion for new trial.

5

"[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann*, 39 S.W.3d at 192–93. Talk N Talk contends that this case is similar to *Continental Airlines, Inc.*, where the appellant filed an amended petition five days before summary judgment was granted. In that case, the Texas Supreme Court held:

> Before the district court granted Continental's motion, the Kiefers amended their pleadings twice. The first amended petition has not been included in the appellate record, and thus we do not know what it contained. Nor can we ascertain whether it was filed timely—that is, at least seven days before the summary judgment hearing, *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (applying Tex. R. Civ. P. 63)— although the Kiefers assert in their brief in this Court that it was. The Kiefers' response to Continental's motion for summary judgment referred to an amended pleading filed contemporaneously, which was ten days before the hearing, that asserted federal causes of action. We surmise this was the first amended petition, but we cannot be sure.

> The Kiefers' second amended petition is in the record. It asserted two new causes of action: an implied cause of action under the ADA, and a federal common-law negligence action. The second amended petition was filed only five days before the summary judgment hearing and thus was untimely unless filed with leave of court. *Id*. However, leave of court is presumed when a summary judgment states that all pleadings were considered, and when, as here, the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise. *Id*. The Kiefer judgment's recital that the court, "after examining the pleadings", concluded that Continental was entitled to summary judgment satisfies the first condition. We thus presume that the Kiefers filed their second amended petition with leave of court.

> Continental moved for summary judgment "on all claims brought by" the Kiefers, thus including the two federal claims even though they were first raised after the motion was filed.

> . . .

6

The summary judgment states that "the cause of action is dismissed as being preempted". The reference to "cause of action", singular, suggests that summary judgment was not granted on all the Kiefers' causes of action, plural. However, the judgment is entitled, "*FINAL SUMMARY JUDGMENT.*" The district court did not overlook the Kiefers' federal causes of action. The Kiefers specifically pointed them out in their response to the motion for summary judgment and in a motion for new trial. Continental's reply to the motion for new trial did not argue that summary judgment was proper, but that no federal causes of action existed like those the Kiefers asserted. After hearing argument on the motion for new trial, the district court denied it by signed order.

Finality "must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." 5 RAY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:4[a], at 7 (John S. Covell, ed., 1992 ed.)); *see Ferguson v. Ferguson*, 338 S.W.2d 945, 947 (Tex. 1960). In the circumstances described here, we think the district court intended to render a final, appealable judgment. The court's rejection of the Kiefers' arguments that the federal claims should be treated differently favors this conclusion.

*Cont'l Airlines, Inc.*, 920 S.W.2d at 276–77.

In the case before us, however, neither Talk N Talk's summary judgment motion, Rodriguez's response to the motion, nor the order granting the summary judgment address the amended pleading and newly added claims. *See id.* The trial court did not indicate that it considered the newly amended pleading. Instead, it clarified that it did not consider the additional claims at the hearing on the motion for new trial when the following exchange occurred:

The Court: I did the Motion for Summary Judgment based on what I had before me. A Motion for New Trial, I don't think you meet the elements for a Motion for New Trial.

Rodriguez: Well, Your Honor, I brought this out of an abundance of caution since the order said that all claims against—

The Court: Well, all claims that were before me.

7

Rodriguez: Were taken out and you severed the case, so I just wanted to clarify that.

The Court: All claims that were before me in that Motion for Summary Judgment were disposed of okay? If you amended after the Motion for Summary Judgment, I don't know what to tell you. All I can tell you is I've ruled on what I had.

Rodriguez: And that—

The Court: And normally the Motion for New Trial is based on certain parameters under the statutes. You don't meet those parameters, unless you can show me you meet those parameters, that I ruled inappropriately and I should reconsider the Motion for Summary Judgment. I ruled on it because there's workman's comp.

Rodriguez: That's correct, Your Honor, but for some claims the workman's comp doesn't apply.

The Court: I ruled on it because there's workman's comp. That's why I ruled on it the way I did. And we had hearings actually beforehand about that—the way this was going to go, okay? The Motion for Summary Judgment was filed[,] and nothing was ever brought to my attention prior to me ruling on that Motion for Summary Judgment, okay? So what I can tell you is what I ruled on, those claims are done.

Rodriguez: Okay.

The Court: That's what I can tell you. This Motion for Summary Judgment, I don't even understand what it is you're trying to say as far as you believe you still have causes of action because you amended your petition?

Rodriguez: That's correct, Your Honor. There's a negligent misrepresentation claim that was filed and a fraud claim that was filed against the defendant that you granted a summary judgment on.

The Court: I don't know what to tell you.

8

Rodriguez: And those are—my understanding, those survive[,] and I brought the Motion for New Trial in an abundance of caution in case this was denied.

The Court: I don't know what to tell you. All I can tell you is I'm not changing my ruling on the Motion for Summary Judgment. I believe I'm on solid ground.

. . . .

Talk N Talk: Well, Judge the only thing I was going to point out to the Court is the amended petition was filed before you signed the order granting summary judgment and summary judgment—our summary judgment was traditional and no-evidence, which we believe disposed of everything because it was filed before you ruled—before you signed the order.

Rodriguez: I think it can only dispose of the claims that were, at that time alleged, which was the negligence claim, Your Honor. And then we asserted separate and independent causes of action.

The Court: I don't know the answer.

Talk N Talk: The amended petition was filed a week before you signed the order granting the Motion for Summary Judgment so I don't know where we go procedurally, but—

The Court: I really don't know. I can tell you my ruling stands. I don't know where this goes. I really don't know.

Rodriguez: Your Honor, I'll research it and brief the Court on it.

The Court: Okay.

The trial court clearly indicated that her ruling disposed of the claims that were before it in the motion for summary judgment and that it did not address those newly added claims in Rodriguez's amended petition. In the absence of evidence of the trial court's intent to dispose of the claims added in Rodriguez's amended petition, we find

9

that those claims survived the order granting summary judgment. *See Farm Bureau Cty. Mut. Ins. Co.*, 455 S.W.3d at 164; *cf. Cont'l Airlines, Inc.*, 920 S.W.2d at 276–77.

**C.     Untimely Amended Petition**

Talk N Talk contends that the trial court could not have considered the claims in Rodriguez's amended petition because it was untimely filed. The amended petition was filed four days before the summary judgment order was entered, and over two years after summary judgment was set for submission, and thus was untimely unless filed with leave of court. *See* TEX. R. CIV. P. 63. In contrast, Rodriguez argues that his amended petition was timely pursuant to the docket control order entered in March 2016, which set trial for December 5, 2016. This Court has previously held that a resetting of a trial date has the effect of nullifying a docket control order. *See J.G. v. Murray*, 915 S.W.2d 548, 550 (Tex. App.—Corpus Christi–Edinburg 1995, orig. proceeding) ("Nevertheless, because of the trial resetting, the docket control order was nullified and the exclusion order did not survive the resetting of the case."). Here, the trial court's docket control order, which was entered over a year after the submission on summary judgment in February 2015, stated: "The deadline for supplemental and amended pleading are pursuant to the Texas Rules Of Civil Procedure." Generally, a party may amend its pleadings up until seven days before trial unless the amended pleadings operate as a surprise to the opposing party. TEX. R. CIV. P. 63. A trial court has no discretion to refuse the amendment unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party

10

objects to the amendment. *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex. 1990).

Although Rodriguez's petition asserted new claims, Talk N Talk did not object to the amended pleading, nor did it attempt to show surprise or prejudice. Talk N Talk relied on the summary judgment setting as the deadline and argues that the March 2016 docket control order did not reset any deadlines. We disagree. In entering the March 2016 docket control order, the trial court nullified the previous trial by submission date. *See J.G.*, 915 S.W.2d at 550. Therefore, the amendment was timely, and absent an objection or a showing of surprise of prejudice, the trial court had no discretion to refuse the amendment. *See Greenhalgh*, 787 S.W.2d at 939.

Accordingly, we sustain Rodriguez's second and third issues.

## D. Plenary Power

Because he contends that his negligent misrepresentation and fraud claims survived summary judgment, Rodriguez argues that the court's plenary power had not expired at the time default judgment was entered. Plenary power refers to that period of time in which a trial court may vacate its judgment by granting a new trial, or in which it may modify or correct its judgment. *In re Gillespie*, 124 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). By default, a trial court's plenary power expires thirty days after the final judgment is signed. TEX. R. CIV. P. 329b(d).

If any party files a motion for new trial, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by

11

operation of law, whichever occurs first. *See* TEX. R. CIV. P. 329b(e). A motion for new trial is overruled by operation of law if the trial court does not sign an order ruling on the motion within seventy-five days after the judgment is signed. TEX. R. CIV. P. 329b(c).

Generally, a trial court lacks power to act in a case after plenary power expires. *Custom Corps., Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Once plenary power expires, the court may not modify, correct, or reform the judgment. TEX. R. CIV. P. 329b(e). Likewise, the court may not set aside the judgment after plenary power expires except by a timely bill of review. TEX. R. CIV. P. 329b(f). A judicial action taken after plenary power expires is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per ciruam).

Having determined that Rodriguez's claims for negligent misrepresentation and fraud survived summary judgment, we find that the trial court still had plenary power over those remaining claims. Accordingly, the trial court erred when it granted the plea to the jurisdiction.

Rodriguez's first issue is sustained.

### III.    CONCLUSION

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.[2]  *See* TEX. R. APP. P. 43.2(d).

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day December, 2020.

---

[2] All motions pending in this matter are dismissed as moot.

12